UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRY A. ROSE,** | ) | CASE NO.1:13CV642 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant Marymount Hospital's Motion for Judgment on the Pleadings (ECF DKT #18) and Defendant City of Cleveland's Motion to Dismiss for Failure to State a Claim (ECF DKT #19). For the following reasons, the Court grants in part and denies in part the City of Cleveland's Motion to Dismiss, and denies Marymount's Motion for Judgment on the Pleadings.

**I. BACKGROUND**

Plaintiff makes the following allegations in her Amended Complaint (ECF DKT #16). In the early morning of July 28, 2011, Terry Rose ("Plaintiff") was at the home of her fiancee,

Jeremiah Fuller. Jeremiah lives in the upstairs unit of a house, while his mother, Inez Fuller, lives in the downstairs unit. Around 3:55 a.m., three Cleveland police officers ("Officers") arrived at the house in response to a neighbor's report of a disturbance. While Jeremiah answered the front door, Plaintiff opened the downstairs door, inadvertently knocking Inez, who happened to be behind the door at the time, to the ground. Plaintiff told the Officers that the situation was under control, but the Officers nevertheless entered the home and told Plaintiff to return to the upstairs unit. Instead, Plaintiff attempted to check on Inez to make sure she was not injured. The Officers then grabbed Plaintiff and handcuffed her "so tightly that it caused extreme discomfort to her wrists and cut off circulation to her hands." (Amended Complaint at ¶ 15). Plaintiff was then dragged outside by her hair and handcuffs and left lying on the grass, in the rain.

In the meantime, an EMS was called by the Officers. Plaintiff insisted that she did not need an EMS, but was placed in the ambulance and "forcibly shackled . . . so tight [it] caused her a great deal of pain." (*Id.* at ¶ 19). On the way to Marymount Hospital ("Marymount"), Plaintiff's repeated requests that her handcuffs be loosened, and for some water, were denied. Around 4:45 a.m., Plaintiff was admitted to Marymount as a patient against her will. Marymount staff and the Officers then "discussed and agreed to forcibly restrain Plaintiff," which was followed up by Marymount staff placing Plaintiff on a bed with arm and leg restraints. (Amended Complaint at ¶ 22-23). Two nurses administered shots, took blood from Plaintiff, and removed some of her clothes while the Officers were present. Two days after the incident, Plaintiff was treated for cellulitis, apparently caused by the scraping and swelling on her wrists and hands while handcuffed and restrained. (*Id.* at ¶ 26-27).

On March 14, 2013, the Department of Justice ("DOJ") announced it will be conducting a "full civil rights investigation" into use of force issues by Cleveland police officers.  In 2002, the City of Cleveland ("Cleveland") was also investigated and given recommendations related to the use of force by its officers.

In Plaintiff's Amended Complaint, four counts are alleged, including: (1) excessive force against the Officers, who are not involved in the present motions; (2) failure to train and supervise against Cleveland; (3) civil conspiracy against all defendants; and (4) intentional infliction of emotional distress against the Officers.  Marymount has filed a Motion for Judgment on the Pleadings (ECF DKT #18) and Cleveland has filed a Motion to Dismiss (ECF DKT #19).

## II. LEGAL STANDARDS

The standard for a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim.  *Guidry v. American Public Life Ins. Co.*, 512 F. 3d 177, 180 (5th Cir. 2007).  A complaint does not need detailed factual allegations, but must be more than a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In deciding on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint, even if doubtful in fact.  *Id.*  If all the factual allegations, accepted as true, state a claim that is plausible on its face, then a complaint may survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] pleader must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  *Weisbarth v. Geauga Park Dist.*, 499 F. 3d 538, 541 (6th Cir. 2007) (internal

quotation marks omitted).  A complaint may proceed even if a recovery is "very remote and unlikely."  *Twombly*, 550 U.S. at 556.

## III. LAW AND ANALYSIS

### A. Civil Rights Claim against Cleveland

Cleveland has moved to dismiss all claims against it for failure to state a claim.  In the Amended Complaint, Plaintiff alleges that Cleveland failed to adequately train and supervise the Officers.  Plaintiff further alleges Cleveland failed to institute adequate policies and procedures governing the use of force.  The "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Following *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Sixth Circuit has recognized that a plaintiff has four scenarios which could establish a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.  *Thomas v. Chattanooga,* 398 F. 3d 426, 429 (6th Cir. 2005).

The Complaint is rife with legal conclusions couched as factual allegations, and it is very close to merely reciting the elements of a cause of action.  Plaintiff has, however, pointed to a Department of Justice investigation into Cleveland's use of force due to allegations of excessive force.  While the investigation may find no abuse, the fact that there is such an investigation raises a reasonable, albeit weak, inference that Cleveland was on

notice that its training and supervision were insufficient and nonetheless tolerated or acquiesced to these violations. A complaint "may proceed even if it strikes a savvy judge . . . that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. Plaintiff's civil rights claim will proceed.

### B. Civil Conspiracy Claims against Cleveland and Marymount

Plaintiff next alleges that the Defendants "entered into an agreement to form a malicious combination designed to injure Plaintiff and/or deprive her of certain constitutional rights by forcibly restraining her and treating her without her consent." (Amended Complaint at ¶ 44). A civil conspiracy is:

> an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F. 2d 935, 943-944 (6th Cir. 1985). "[A] complainant must plead conspiracy claims with some degree of specificity." *Gutierrez v. Lynch*, 826 F. 2d 1534, 1538 (6th Cir. 1987). Liability for civil conspiracy requires the performance of an underlying tortious act, and thus cannot be independently brought. *Halberstam v. Welch*, 705 F. 2d 472, 479 (D.C. Cir. 1983). Once a civil conspiracy is formed, all members of the conspiracy are liable for injuries caused by any act in furtherance of the conspiracy. *Id.* A municipality cannot be liable for the unconstitutional acts of its employees under a *respondeat superior* theory. *Harris*, 489 U.S. at 385; see also *Monell,* 436 U.S. at 691.

It is unclear from the Amended Complaint whether Plaintiff is making such a claim based on federal or state law conspiracy.  In Plaintiff's Response (ECF DKT #22) to Cleveland's Motion to Dismiss, Plaintiff seems to clarify that they are alleging a Fourth Amendment violation via a § 1983 claim, and not a state law conspiracy claim.  As such, the Court will only consider a federal civil conspiracy claim.

There is also some uncertainty as to what underlying tortious act the conspiracy claim is tied to.  In Plaintiff's Amended Complaint, the claim for civil conspiracy seems to be based on her being forcibly restrained.  (Amended Complaint at ¶ 44).  In Plaintiff's Response to Marymount's Motion (ECF DKT #21), however, Plaintiff also seems to connect the conspiracy claim to the IIED claim made against the Officers.  Marymount asserts that because Plaintiff connects it to the IIED claim, which is based on acts occurring before Marymount's involvement, Marymount cannot be liable under civil conspiracy.  *See* ECF DKT #23.  The very same sentence that brings up the IIED claim, however, also states "[the Officers] conspired with [Marymount's] staff to *forcibly restrain* Plaintiff against her will." (ECF DKT #21 at 4) (emphasis added).   Plaintiff did not abandon the connection of the conspiracy claim to the forcible restraint and treatment.

### 1. City of Cleveland

Plaintiff has included Cleveland in its claim for civil conspiracy.  However, Plaintiff only alleges that at "the hospital, the *Officers* and members of *Marymount staff* discussed and agreed to forcibly restrain Plaintiff."  (Amended Complaint at ¶ 22) (emphasis added). Nowhere is there any factual allegation that Cleveland itself was involved in agreeing to restrain Plaintiff against her will.  Plaintiff also cannot rely on any policy or custom she

identified for Cleveland's failure to train, since those customs relate to excessive force, not restraining and treating against one's will. Without any factual allegations connecting Cleveland to any alleged conspiracy, Plaintiff has failed to state a claim against Cleveland for civil conspiracy.

### 2. Marymount Hospital

Plaintiff further alleges that Marymount was involved in the conspiracy to violate her constitutional rights. Marymount is correct that it cannot be liable for a civil conspiracy based on the IIED claim, since Plaintiff asserts that her emotional distress was "a result of the Officers' actions." (*Id.* at ¶ 48). All of the Officers' actions, according to the Amended Complaint, occurred before the alleged agreement was made. Thus, any alleged emotional distress is a result of acts that occurred prior to the alleged formation of a conspiracy, and Marymount cannot be liable for that distress. Marymount may still be liable for civil conspiracy, however, based on Plaintiff's restraint at the hospital, which did occur after the conspiracy was allegedly formed.

Marymount argues there are three reasons the claim for civil conspiracy against it should be dismissed: (1) Plaintiff's Complaint is noncompliant with Ohio Civ. R. 10(D)(2); (2) Plaintiff has failed to state any facts to allow a reasonable inference of conspiracy; and (3) Plaintiff has failed to assert an underlying claim actionable without the conspiracy. The third argument may be quickly disposed of, as Plaintiff has asserted that her constitutional rights were violated when she was forcibly restrained and treated against her will. (Amended Complaint at ¶ 44). Such acts, if true, are unlawful and actionable without conspiracy. *See* 42 U.S.C. § 1983. That civil conspiracy is the only claim made against Marymount is

irrelevant so long as Plaintiff has alleged an actionable act that was in furtherance of the conspiracy.

Marymount's second argument, that Plaintiff has failed to plead sufficient material facts, may also be quickly rejected. Plaintiff has alleged an agreement between two or more persons, an unlawful act in furtherance of that agreement, and a resulting injury. Allegedly, the Officers and Marymount staff agreed to forcibly restrain Plaintiff (Amended Complaint at ¶ 22), which they did (*Id.* at ¶ 23-25), and that caused Plaintiff scrapes and swelling on her hand resulting in cellulitis (*Id.* at 26-27). Plaintiff has adequately pled a civil conspiracy with sufficient factual allegations to meet the requirements of *Twombly* and *Iqbal*.

Marymount's first argument also fails. The gist of the argument is that the civil conspiracy claim is actually a medical claim since it includes allegations that Plaintiff was forcibly treated against her will. Since it is really a medical claim, Marymount argues, Plaintiff has failed to comply with Ohio Civ. R. 10(D)(2) which requires an affidavit from an expert witness to be included in the pleadings. This is not a medical claim, however. While the Amended Complaint may also mention the treatment Plaintiff was given against her will, the civil conspiracy claim is largely based on restraining Plaintiff, in both substance and form. The Amended Complaint alleges that the agreement was formed when the Officers and Marymount staff "discussed and agreed to *forcibly restrain* Plaintiff." Despite Marymount's accusations, Plaintiff has not "artfully pled" to transform a medical claim into a different type of claim. Rather, it appears Marymount has attempted to artfully transform the Plaintiff's claim into something it is not.

## V. CONCLUSION

For all the above-mentioned reasons, the Court GRANTS IN PART and DENIES IN PART Cleveland's Motion to Dismiss (ECF DKT #19), and DENIES Marymount's Motion for Judgment on the Pleadings (ECF DKT #18).

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>CHRISTOPHER A. BOYKO<br>United States District Judge

Dated:  August 14, 2013